### 7592.   GREEN *v.* THE STATE.

BROYLES, J.   1. In the motion for a new trial it is contended that it was
harmful error for the judge, in his charge, to instruct the jury that the
indictment charged that the defendant killed the deceased "by hitting
and striking him with a wooden stick 2 feet and 5 inches long, and

being fat lightwood and about two and a half inches wide, and about one and one quarter inches thick at one end, and about one half inch thick at the other end," for the reason that there was no evidence in the record that the deceased was struck with such a stick. A stick was put in evidence, without any objection from the defendant, which was positively identified as the stick with which the defendant struck the deceased. As there was no evidence describing this stick, this court can not say that the stick introduced was, or was not, such a stick as was described in the indictment; the jury, however, saw it, and could and did decide this question. Under such facts, it was not necessary for the State to have the description of the stick given to the jury, as they had the stick itself before them as evidence and could examine it for themselves.

2. When considered in connection with its context, the instruction to the jury, that "The burden is upon the State to thus establish [the defendant's] guilt, but the State is not required to demonstrate to a mathematical certainty his guilt, but it does have to show his guilt to a moral and reasonable certainty," is not subject to exception upon the ground that the court failed to instruct the jury in connection therewith that the evidence must satisfy their minds beyond a reasonable doubt. In the preceding sentence of his charge the judge instructed the jury that "the defendant is presumed by law to be innocent, and that presumption remains with him until his guilt is established beyond a reasonable doubt;" and at the close of the charge of the court the following instruction was given: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of any offense as stated to you, he would be entitled to an acquittal."

3. The defendant, having been convicted of involuntary manslaughter, should not be heard to complain that the court charged the law of voluntary manslaughter. Moreover, in the opinion of this court, there was evidence which authorized such instructions.

4. There was evidence which authorized the jury to find that the death was caused by a blow dealt the deceased by the defendant; there was other evidence that possibly authorized a finding that his death was caused by his accidental fall upon a cross-tie. In this connection the following charge is assigned as error: "If the deceased came to his death as a result of an accident, unattended with criminal design or culpable neglect on the part of the defendant, then the defendant would be entitled to an acquittal." *Held,* that in the absence of a timely written request for fuller and more particular instructions upon the theory of accidental death, the charge as given was sufficient.

5. Under the facts in the case and the charge of the court, and in the absence of a timely written request, there was no error in failing to instruct the jury that unless they found from the evidence that the deceased was struck with a piece of wood as described in the indictment, it would be their duty to acquit the defendant. The court did charge the jury that if they believed, from the evidence in the case, that the defendant struck the deceased with *a piece of wood such as described and alleged in the indictment,* they ought to convict the defendant.

The jury, if of average intelligence, must have understood from this charge that if they believed from the evidence in the case that the defendant did *not* strike the deceased with a piece of wood such as described and alleged in the indictment, then, in that event, they should acquit him.

6. The court did not err in declining the several requests to charge, set forth in the motion for a new trial. The legal principles in these requests, which were applicable to the facts of the case, were sufficiently covered by instructions given.

7. The verdict of involuntary manslaughter was supported by the evidence.

*Judgment affirmed.*

DECIDED OCTOBER 18, 1916.

Indictment for murder; from Berrien superior court—Judge Thomas. June 3, 1916.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.